IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IAN TOEGAN, | | |
| Petitioner, | **8:25CV632** | |
| vs. | | |
| ROB JEFFREYS, | **MEMORANDUM AND ORDER** | |
| Respondent. | | |

This matter is before the Court on Petitioner's Motion to Reconsider and Stay Proceedings (the "Motion"), Filing No. 5, filed on January 27, 2026, and a supporting affidavit, Filing No. 6, filed on February 12, 2026.  For the reasons that follow, Petitioner's Motion is denied.

On January 20, 2026, the Court dismissed Petitioner's habeas petition, Filing No. 1, without prejudice because Petitioner failed to exhaust his state court remedies prior to filing his habeas petition and his state postconviction proceedings were still pending. Filing No. 3.  Assuming Petitioner's habeas petition was a "mixed petition," the Court further determined that a stay pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), was not appropriate as Petitioner's access to federal habeas review would not be prejudiced if this case was dismissed as Petitioner would have 39 days remaining on the statute of limitations clock to file his habeas petition after the conclusion of his state postconviction proceedings, including any related appeal.

Petitioner then filed his Motion asking the Court to reconsider its dismissal of his petition and, instead, stay the proceedings because Petitioner's "current writ-writer/inmate substitute counsel may not be available to further assist with re-filing a

habeas corpus application" and "re-filing habeas corpus with less competent inmate assistance will certainly prejudice [Petitioner] and/or [Petitioner] may inadvertently miss the slim 39-day deadline." Filing No. 5 (spelling and punctuation corrected). In his affidavit in support of a stay, Petitioner also states he "did not know what it means to exhaust claims or why it was important to provide the state judiciary a fair opportunity to resolve all issues before a federal court steps in," and, despite his mistakes, "there is no indication that [he] engaged in intentionally dilatory litigation tactics." Filing No. 6.

When the Court dismissed Petitioner's habeas petition on January 20, 2026, Petitioner was still awaiting the state district court's decision on his postconviction motion. Petitioner's state court records show that the state district court denied his postconviction motion on February 13, 2026, and Petitioner filed an appeal on March 2, 2026, which is currently pending before the Nebraska Court of Appeals.[1] Thus, the procedural posture of this case has not changed since the Court entered its judgment dismissing the petition without prejudice. That is, Petitioner's postconviction proceedings are still pending and Petitioner will still have 39 days after the conclusion of his postconviction appeal to file his habeas petition in this Court. While Petitioner may not have understood federal habeas exhaustion requirements when he filed his petition, he is aware of them now as the Court clearly outlined the requirements in its January 20, 2026, dismissal order, and the fact remains that he must exhaust his state court

---

[1] This Court has been afforded access to the computerized record keeping system (JUSTICE) for the Nebraska state courts. The Court takes judicial notice of the state court records related to this case in *State v. Ian R Toegan*, No. CR23-1704, District Court of Lancaster County, Nebraska, and Nebraska Court of Appeals Case No. A26-159. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records); Federal Rule of Evidence 201 (providing for judicial notice of adjudicative facts). Nebraska's judicial records may be retrieved on-line through the JUSTICE site, https://www.nebraska.gov/justice/case.cgi.

remedies, i.e., his state postconviction motion and appeal, before pursuing his habeas claims in federal court.

The Court is not convinced that a stay is warranted based only on Petitioner's mere apprehension about possibly missing the 39-day deadline for filing his petition after his postconviction proceedings conclude or receiving less competent inmate legal aide assistance upon re-filing. Petitioner presumably has a copy of his original petition filed in this case on October 27, 2025, Filing No. 1, which could be easily revised to incorporate any additional information relevant to his state postconviction proceedings and then re-filed in this Court.[2]

Accordingly, for the foregoing reasons,

IT IS ORDERED that: Petitioner's Motion to Reconsider and Stay Proceedings, Filing No. 5, is denied.

Dated this 15th day of June, 2026.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge

---

[2] If Petitioner requires a copy of his petition from the Court, he should contact the Clerk's office to determine the proper method of requesting and paying for copies. *See* NEGenR 1.2(d) ("Before providing a service, the clerk requires prepayment of all collectible fees prescribed by statute or the Judicial Conference of the United States."); *see also* 28 U.S.C. § 1914 & Judicial Conference Schedule of Fees (fee "[f]or reproducing any record and providing a copy in paper form, $.50 per page").